UNITED STATES DISTRICT COURT
EASTER DISTRICT OF WISCONSIN

CLERK USDC EDWI FILED

2023 NOV 14 P 2: 15

Ludmyla Carlborg, as Administrator and Sole Beneficiary of deceased Kenneth Carlborg's estate

Plaintiff

v.

Mount View Care Center

Defendant

COMPLAINT

Case Number

23cv1527

A. INTRODUCTION

Ludmyla Carlborg's constitutional right to plead and conduct her own case personally under 28 U.S.C. § 1654 was violated.

Issues presented in this complaint are:

a) whether administrator and sole beneficiary of the estate may represent an estate pro-se in the courts of appeals, where that estate has no other beneficiaries and creditors?

b) whether Wisconsin Court of Appeals has decided an important federal question in a way that conflict with the decisions of United States courts of appeals?

B. PARTIES

Plaintiff Ludmyla Carlborg (Ludmyla) is a citizen of the state of Wisconsin and

1

resides at address 234229 N 76th Ave., Wausau, WI 54401.

Defendant Mount View Care Center (Mount View) is rehab center with their own business and is located at address 2400 Marshall Str., Wausau, WI 54403.

C. JURISDICTION

Ludmyla is suing for a violation of federal law under 28 U.S.C. §1331.

Ludmyla's rights were violated under 28 U.S.C. §1654 and 28 U.S.C §2072, Title VII, Rule 43.

D. STATEMENT OF CLAIM

1. On July 21, 2022, Ludmyla Carlborg and Kenneth Carlborg brought a medical malpractice complaint against Mount View. The complaint alleged that negligent violation of a required standard of care by Mount View caused harm to Kenneth. He was physically injured and suffered a bone fracture.

2. In their complaint Ludmyla and Ken asserted four causes of action against Mount View under Wisconsin state law: a) negligence; b) economic damages; c) non-economic damages; d) loss of consortium as to Ludmyla (on October 6, 2023, Ludmyla voluntarily dismissed her claim for loss of consortium) (Ex.1).

3. On October 16, 2022, Ken passed away.

4. Under Ken's Last Will and Testament Ludmyla Carlbor (Skorychenko before marriage) is Personal Representative of Ken's estate (Ex.2). Also Ludmyla

2

is sole beneficiary of Ken's estate (Ex.3).

5. On October 20, 2022, Mount View filed a Suggestion of Death (Ex.4)

6. On October 27, 2022, Ludmyla filed Motion to Substitute Parties together with Notice of Hearing (Ex.5-6 ).

7. On January 31, 2023, Mount View filed Motion to Dismiss the action pursuant to Wis. Stat. 803.10(1) stating that "Ludmyla's Motion to Substitute Parties is deficient as there is *no* party listed to substitute for Mr. Carlborg" (Ex.7). This defendant's statement is in conflict with Wis. Stat 803.10 and federal law 28 U.S.C §2072, Title VII, Rule 43, and therefore cannot be argument in Motion to dismiss.

8. On Marth 1, 2023, Ludmyla filed Petition for Special Administration with Probate Court (Ex.8-15).

9. On May 1, 2023, Probate Court hold hearing on Ludmyla's Petition for Special Administration and granted her specific power to act as Personal Representative on behalf of the estate for lawsuit pending (Ex16).

Authority granted by the Probate Court was sufficient for Ludmyla to represent the estate's interests in the existing lawsuit without the need for additional motion for substitute of parties in the Circuit Court.

10. But on May 22, 2023, the Circuit Court ignored decision of Probate

3

Court and granted Mount View's Motion to Dismiss on ground that Ludmyla's motion for substitution "fails to name anyone as the new party plaintiff (Ex.17).

Due this glaring mistake, Ludmyla was forced to appeal to the Wisconsin Court of Appeal, where she lost her constitutional rights because local rules of appellate procedures of the Wisconsin Court of Appeals was not consistent with federal rules of appellate procedures

.

11. On June 28, 2023, the Circuit Court entered into Final Judgment in favor of Mount View against deceased Ken, dismissing his claims (Ex.18 ).

12. On July 5, 2023, Ludmyla filed a Notice of Appeal.

13. On September 7, 2023, Ludmyla's Notice of Appeal was dismissed "for lack of jurisdiction because she was not authorized to file a notice of appeal on behalf of her husband's estate because she was not a lawyer" (Ex.19).

14. On September 19, 2023, Ludmyla filed Motion for Reconsideration.

15. On September 21, 2023, Ludmyla's Motion for Reconsideration was denied because "only a lawyer may commence an appeal by signing a notice of appeal on behalf of an estate" (Ex.20).

16. On October 10, 2023, Ludmyla filed Petition for Review with Wisconsin Supreme Court.

17. On October 27, 2023, Ludmyla's Petition for Review was dismissed by

Supreme Court because "she may not represent the Estate in her own personal capacity or capacity as personal representative because that would constitute the unauthorized practice of law" (Ex.21)

E. RELIEF WANTED

Appellant Ludmyla respectfully request that this Court

a) to Set Aside Orders of Wisconsin Court of Appeals and Supreme Court which were based on the erroneous judgment of the Circuit Court, and were in conflict with authorities of U.S. Courts of Appeals.

b) to take appropriate action, which may include remanding Ludmyla's case to the Circuit Court of Wisconsin.

Ludmyla Carlborg Pro Se *Ludmyla Carlborg 11/10/23*